IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. DANIEL "MADISON" CADDELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-22-00362-JFH-CDL |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| 1. COMMUNITY HIGHERED INSTITUTE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Daniel "Madison" Caddell, and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Daniel "Madison" Caddell, an adult resident of Tulsa County, Oklahoma.

2. The Defendant is Community HigherEd Institute, a domestic corporation doing business in Tulsa County, Oklahoma.

## JURISDICTION AND VENUE

3. The Plaintiff asserts claims for sex discrimination, including discrimination on the basis of sex-stereotyping and sexual orientation, creation of a hostile working environment, and retaliation for opposing sex discrimination, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act.

4. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331. The state claims involve the same core of facts operative such that the Court has jurisdiction over the state claims under 28 U.S.C. § 1367.

5. Tulsa County is a county within the United States District Court for the Northern District of Oklahoma such that venue is proper in this Court.

## STATEMENT OF FACTS

6. The Defendant employed at least fifteen (15) employees during at least twenty or more weeks of the current or proceeding calendar year and is an employer under Title VII. There is no minimum employee requirement to be an employer under the OADA.

7. The Plaintiff was most recently employed by Defendant from around July 20, 2020 until around July 21, 2021.

8. The Plaintiff held the job title of Automotive Instructor.

9. The Plaintiff was qualified for her job position and performed satisfactorily.

10. The Plaintiff was assigned "male" at birth, but is transgender and identifies as female.

11. Around September 2020 the Plaintiff was instructed to provide a list of all prescription medications she was taking to Defendant's Human Resource department as part of being entitled to employer-sponsored health insurance benefits.

12. Plaintiff provided a list of her prescription medications to Brenda Knox (Human Resources).

13. Plaintiff's prescription medications included certain hormones and hormone blockers that were required to assist Plaintiff in transitioning from male to female.

14. After reviewing Plaintiff's medications, Ms. Knox told Plaintiff that she should not take medications related to transitioning from male to female, at least during the days in which the Plaintiff would be teaching classes as an Automotive Instructor.

15. It became known to others with the Defendant that the Plaintiff was transgender and in the process of transitioning from male to female.

16. Around January 2021 Leonda Clements (Campus Director) commented in front of the Plaintiff that a student should not identify themselves a something other than the sex in which the student was assigned at birth.

17. Ms. Clements made other comments including that she (Clements) did not believe "being transgender is a thing" and that people should not refer to themselves as a sex different than that assigned at birth.

18. Around February 2021 Plaintiff reported discriminatory comments made by Defendant's employees, including Ms. Clements, to Ms. Knox in Human Resources. Plaintiff also told Ms. Knox that she (Plaintiff) found the comments to be personally offensive because Plaintiff was transgender and transitioning from male to female.

19. In response to Plaintiff's report, Ms. Knox told Plaintiff she was being "oversensitive".

20. Around March 2021 Plaintiff was ordered to attend, and did attend, a meeting with Ms. Clements and others.

21. During the March 2021 meeting the Plaintiff was criticized by Ms. Clements and others for reporting discrimination to Human Resources.

22. Plaintiff reported the comments of Ms. Clements and others, which were made during the March 2021 meeting, to Ms. Knox in Human Resources. Plaintiff told Ms. Clements that Plaintiff believed the meeting was part of a pattern of transgender discrimination and retaliation.

23. Despite Plaintiff's complaints, the harassment continued. In addition to the harassment described above, Plaintiff's co-workers continued to make transphobic jokes.

24. When Plaintiff continued to complain about the harassment, Ms. Clement devised a "solution" whereby she would yell the word "asparagus" anytime someone made a transphobic joke while Plaintiff was present.

25. Ms. Clement's conduct contributed to the hostile working environment and also resulted in Ms. Clements disclosing to other co-workers that Plaintiff was transgender and transitioning from male to female.

26. Plaintiff continued to report the harassment to Ms. Clements and Ms. Knox, but the harassment continued.

27. Ms. Knox terminated Plaintiff's employment around July 21, 2021.

28. Plaintiff's job position continued to exist after her termination.

29. As a direct result of her termination the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, sadness and similar unpleasant emotions.

30. At the least, significant and/or but-for reasons for the Plaintiff's termination in Include her sex and/or her opposition to sex-based discrimination.

31. The Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination in November 2021. The EEOC issued Plaintiff her right to sue letter on June 1, 2022 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above facts and further alleges:

32. Discrimination on the basis of sex, including creation of a hostile working environment and retaliation after an employee opposes sex discrimination are violations of Title VII of the Civil Rights Act of 1964.

33. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and compensatory damages including emotional distress damages.

34. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's federal rights, the Plaintiff is entitled to punitive damages.

35. Plaintiff is also entitled to reinstatement, a declaratory judgment in her favor and against Defendant and attorney fees/costs.

## COUNT II

36. Discrimination on the basis of sex, including creation of a hostile working environment and retaliation after an employee opposes sex discrimination are violations of Oklahoma's Anti-Discrimination Act.

37. Under this Count the Plaintiff is entitled to back pay and benefits.

38. Plaintiff is entitled to liquidated damages in an amount equal to her back pay and benefits.

39. Plaintiff is also entitled to reinstatement, a declaratory judgment in her favor and against Defendant and attorney fees/costs.

### PRAYER

The Plaintiff requests this Court award all relief, including equitable and monetary relief, available under the law, including but not limited to, a declaration that Defendant violated federal and/or state law, wage and benefit loss, compensatory damages, punitive damages, liquidated damages, attorney fees and costs, reinstatement, along with all other relief allowed.

**RESPECTFULLY SUBMITTED THIS 19th DAY OF AUGUST 2022.**

s/Amber L. Hurst
Amber L. Hurst, OBA No. 21231
HAMMONS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED